# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO: 4:16-CV-00017-JHM

DAMON McCORMICK                                                          PLAINTIFF

V.

HENDERSON COUNTY DETENTION CENTER, et al.          DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court on Defendants' Motion for Reconsideration [DN 246]. Fully briefed, this matter is ripe for review. For the following reasons, the Defendants' Motion for Reconsideration is **DENIED**.

### I. Background

Plaintiff Damon McCormick brought this lawsuit for alleged wrongs he suffered while detained at the Henderson County Detention Center ("HCDC"). The Defendants filed motions [DNs 229 & 233] asking the court to grant summary judgment in their favor on all McCormick's claims, which this Court granted in part and denied in part in a Memorandum Opinion and Order dated January 29, 2019 [DN 244]. Specifically, the Court refused to grant summary judgment to Lieutenant Cody Buckman, Major William Payne, Sergeant Jonathan Parrish, and Unknown HCDC Defendants (collectively, the "HCDC Defendants") on McCormick's claim for assault and battery, finding there was a dispute of material facts between the evidence presented by the HCDC Defendants and the story told by McCormick in his Verified Response.

Now, the HCDC Defendants ask the Court to reconsider its decision. They argue that the facts presented in McCormick's Verified Response should not have been considered by the Court

at the summary judgment stage because the Verified Response does not meet the requirements to be included in the evidentiary record.

After the HCDC Defendants filed the present Motion for Reconsideration regarding the assault and battery claim, they filed a second Motion for Reconsideration [DN 250] related to the Court's decision to appoint counsel to McCormick. After a teleconference, Magistrate Judge Brennenstuhl directed, "In the event Mr. Wilkey remains as Plaintiff's counsel, Plaintiff will file a response to [the motion to reconsider summary judgment] within 7 days on the ruling of [the motion to reconsider appointment of counsel]." (Order [DN 258] at 2). On May 7, 2019, the Court denied the HCDC Defendants' request to reconsider the appointment of Plaintiff's counsel. At that point, McCormick's counsel should have filed a response to the present motion within seven days but failed to do so. Instead, McCormick himself submitted a handwritten document stating his objections to the present Motion for Reconsideration. However, because McCormick is represented by counsel, it is not appropriate for the Court to consider submission from McCormick directly. Therefore, the Court will rule on the Motion for Reconsideration solely based on the original filing and without the benefit of a response from McCormick.

## II. STANDARD OF REVIEW

Motions to alter or amend a judgment may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." *United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see *GenCrop, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of

reasonable diligence, could have been submitted before.'" *United States v. Abernathy*, No. 08-20103, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (citation omitted); *see also Elec. Ins. Co. v. Freudenberg-Nok, Gen P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend judgments under Rule 59(e) "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

### III. DISCUSSION

The HCDC Defendants contend that it was clear error of law for the Court to consider information put forth in McCormick's Verified Response when ruling on their Motion for Summary Judgment. Although the HCDC Defendants admit that "a verified pleading may in some circumstances serve as an affidavit for summary judgment purposes," they argue that McCormick's Verified Response cannot serve as an affidavit because it does not "strictly adhere to the requirements of a traditional affidavit." (HCDC Defs.' Mot. for Reconsideration [DN 246] at 2). The Court disagrees.

Fed. R. Civ. P. 56(c)(4) states, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Allegations within a verified pleading may be treated the same as an affidavit if they comply with these requirements; otherwise, the Court should not treat the contents of verified pleadings the same as evidence when ruling on summary judgment. As guidance on this principle, the HCDC Defendants direct the Court's attention to the case of *Totman v. Louisville Jefferson Co. Metro Gov't*, 391 Fed. App'x 454 (6th Cir. 2010). There, the Sixth Circuit considered whether facts presented in a Verified Complaint could be evidence. At the summary judgment stage, the district

3

court considered the plaintiff's excessive force allegations from his Verified Complaint. On appeal, the Sixth Circuit found that it was error for the district court to treat the allegations as evidence because the Verified Complaint did not meet the standard set forth in Rule 56. Specifically, the court took issue with incorporating allegations that were merely based on the plaintiff's beliefs. With regards to one defendant, Officer Hornback, the plaintiff admitted in a deposition that while he knew Officer Hornback was present at the time of the excessive force, he did not know if Officer Hornback participated in the attack. For this reason, the Court found that the plaintiff's "allegation in his complaint that Officer Hornback beat him is therefore nothing more than speculation, and speculation is not admissible evidence." *Id.* at 464. Because this did not meet the Rule 56 evidentiary standard, the Sixth Circuit ruled that it was error for the Court to consider the plaintiff's speculation and belief as evidence.

Bearing in mind the standards of Rule 56, the Court finds that in this case, McCormick's Verified Response should be given the same weight as an affidavit. Within his Verified Response to the HCDC Defendants' Motion for Summary Judgment, McCormick presents his version of the events that led to him being pepper sprayed on three occasions during his stay at HCDC. In describing the three instances of alleged excessive force, McCormick revealed what he personally experienced. For example, on the day of the first pepper spraying, McCormick claims, "Four (4) employees entered his cell and doused him with pepper spray." (Resp. at 7). McCormick's testimony about events that took place in his prison cell are certainly based on personal knowledge, admissible in evidence, and matters on which he is competent to testify. Unlike the prisoner in *Totman*, McCormick's claims are not based on speculation or beliefs but rather, McCormick recounts the dispositive facts[1] as he experienced them. For this reason, although they are not

---

[1] There is one allegation within McCormick's Verified Response that is possibly based on speculation. In describing the events leading to the second incident of pepper spray, McCormick claims, "Gibson retaliated by instructing

4

presented in a formal affidavit, McCormick's Verified Response complies with the requirements of Rule 56. The Court concludes it did not commit clear error in accepting the evidence presented and finding a genuine dispute of material facts to deny summary judgment to the HCDC Defendants.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the HCDC Defendants' Motion for Reconsideration [DN 246] is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

July 9, 2019

cc: counsel of record

---

Defendant Payne to pepper spray Plaintiff." (Resp. at 7). McCormick does not claim that he personally witnessed Gibson's instructions to retaliate but nonetheless, this detail is immaterial to finding a genuine dispute of material facts on which to deny summary judgment.

5